# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br>v.<br><br>MHAMMAD A. ABU-SHAWISH,<br><br>         Defendant. | Case No. 03-CR-211-1-JPS<br><br><br><br>**ORDER** |

    Before the Court is the petition of Defendant Mhammad A. Abu-Shawish ("Abu-Shawish") for the Court to issue him a certificate of innocence pursuant to 28 U.S.C. § 2513(b). (Docket #306). He requests the certificate in light of the dismissal of the indictment against him on remand from the Seventh Circuit and his acquittal in a later, related prosecution. For the reasons stated below, the Court must deny the petition.

**1.  APPLICABLE LAW**

    In order to obtain a certificate of innocence authorized by 28 U.S.C. § 2513(b), subsection (a) of the statute requires that the petitioner establish both of the following: (1) his conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction; and (2) he did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the

District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution. 28 U.S.C. § 2513(a).

Reversal of a conviction for insufficiency of the evidence satisfies Subsection (a)(1). *Pulungan v. United States*, 722 F.3d 983, 984 (7th Cir. 2013). Under the first part of Subsection (a)(2), "the district court must consider whether the petitioner is truly innocent—that is, whether he committed the acts charged and, if so, whether those acts constituted a criminal offense." *Betts v. United States*, 10 F.3d 1278, 1283 (7th Cir. 1993). Thus, if the charged conduct "constitute[s] an offense other than the one for which he was tried and convicted," the petitioner is not entitled to a certificate of innocence. *Id.* at 1284; *Osborn v. United States*, 322 F.2d 835, 840 (5th Cir. 1963) ("[T]he claimant must be innocent of the particular charge and of any other crime or offense that any of his acts might constitute."); *Burgess v. United States*, 20 Cl. Ct. 701, 704 (1990) ("Congress did not intend to indemnify every imprisoned person whose conviction had been set aside."). Nor may he obtain such a certificate if he was merely acquitted of the charged crime, for failure to prove a charge beyond a reasonable doubt is not coterminous with actual innocence of the charge. *Pulungan*, 722 F.3d at 985 ("[A]cquittal reflected failure of proof beyond a reasonable doubt, not (necessarily) innocence.").

The petitioner must affirmatively establish his innocence, and because courts view a petition under 28 U.S.C. § 2513 as a civil proceeding, he bears the burdens of production and persuasion. *Pulungan*, 722 F.3d at 986; *United States v. Grubbs*, 773 F.3d 726, 732–33 (6th Cir. 2014). The statute does not explain what materials the district court should consider in ruling on such a petition, but the Sixth Circuit has observed that "the trial court may 'rely primarily on the record of the trial of the petitioner and that other relevant facts could be presented orally or by affidavit.'" *Grubbs*, 773 F.3d at 732

Page 2 of 9
Case 2:03-cr-00211-JPS    Filed 01/12/17    Page 2 of 9    Document 311

(quoting *United States v. Brunner*, 200 F.2d 276, 279 (6th Cir. 1952)). Further, because this is a civil proceeding, the preponderance of the evidence standard applies to the Court's analysis. *See id.*; *see also CIGNA Corp. v. Amara*, 563 U.S. 421, 443 (2011).

**2.    RELEVANT FACTS**

In June 2001, Abu-Shawish received a grant from the City of Milwaukee to further the efforts of his non-profit organization to research and create a business development plan for Muskego Avenue. *United States v. Abu-Shawish*, 507 F.3d 550, 552 (7th Cir. 2007). Although Abu-Shawish claimed to use the grant money for that purpose, and submitted expense records purporting to justify his expenditures, an audit later revealed that he had taken the money for his own personal use. *Id.* at 552–53. In May 2002, he submitted the development plan to the individual in charge of the grant program. *Id.* at 553. The plan he submitted was largely the result of plagiarizing another person's plan. *Id.*

Because the City of Milwaukee "essentially paid money for a report that Abu–Shawish never actually wrote," he was charged on October 2, 2003 with federal program fraud, in violation of 18 U.S.C. § 666. *Id.* On June 29, 2005, he was found guilty by a jury of that offense and was subsequently sentenced to three years of incarceration. *Id.* He has served the full sentence. On November 1, 2007, the Seventh Circuit Court of Appeals vacated his conviction on the ground that he was actually innocent of the charge. *Id.* at 555–56. The Circuit court noted that he had been charged with the wrong type of fraud based on the facts of the offense. *Id.* Specifically, because he was not an agent of the organization he defrauded—the City of Milwaukee, Abu-Shawish could not be found to have committed federal program fraud,

though he might have been convicted of another type fraud, such as mail or wire fraud. *Id.* at 558. The Seventh Circuit observed that

> [w]ithout question, the indictment properly alleged and the evidence was sufficient to show that Abu–Shawish defrauded the City of Milwaukee. However, he was not an agent of the City of Milwaukee, and so he was not properly charged under 18 U.S.C. § 666(a)(1)(A). Nevertheless, the federal government still has broad power to protect the integrity of federal funds through statutes that criminalize mail and wire fraud. It is likely that Abu–Shawish could have been charged with mail or wire fraud, since he used both the mail and telephone as a part of his fraudulent scheme. It is not for this Court to reflect on why the government chose to charge him with a violation of § 666(a)(1)(A) as opposed to mail fraud and/or wire fraud. At bottom, Abu–Shawish defrauded the City of Milwaukee, but the government is still required to charge him with the appropriate crime.

*Id.* On remand, this Court dismissed the indictment. (Docket #299).

In 2007, following the Seventh Circuit's advice, the government brought mail fraud and interstate transportation of stolen goods charges against Abu-Shawish, in violation of 18 U.S.C. §§ 1341 and 2314, based on the same conduct at issue in this case. Those charges were brought in a separate proceeding in another branch of this Court, in a case designated 07-CR-289. In 2008, a jury acquitted him of all charges brought against him in that proceeding and he was subsequently released from prison.

The present motion arises in connection with Defendant's civil suit against the government. On October 6, 2014, Abu-Shawish filed a complaint in the Court of Federal Claims seeking money damages pursuant to 28 U.S.C. §§ 1495 and 2513 for unjust conviction and imprisonment. *Abu-Shawish v. United States*, 120 Fed. Cl. 812, 812 (Ct. Fed. Cl. 2015). To obtain damages for a claim under Section 1495, the plaintiff must first make the showing required

under Section 2513(a), described above, or present a certificate of innocence demonstrating that the district court has made those findings. *Id.* The government moved to dismiss Abu-Shawish's case, arguing that he had not proffered facts sufficient to demonstrate his actual innocence as required by Section 2513(a)(2). *Id.*

The court agreed. *Id.* at 813. Not only had Abu-Shawish failed to obtain a certificate of innocence from this Court, he had "failed to allege or otherwise demonstrate that he has met the requirements set in § 2513." *Id.* First, consistent with Seventh Circuit precedent, the court concluded that the 2007 reversal of the conviction in this case "does not establish [Abu-Shawish's] innocence, but rather demonstrates that the prosecution failed to prove the necessary elements of the offense for which he was charged." *Id.* (citing *Pulungan*, 722 F.3d at 985). The court reasoned that "though the government had charged Mr. Abu–Shawish with the wrong crime, there was sufficient evidence to show that he was in fact guilty of fraud." *Id.* Because his conviction "was reversed for reasons other than innocence," the reversal did not prove that Abu-Shawish was innocent of the charged crime *and* that his conduct did not constitute any other crime. *Id.* Second, the Court of Federal Claims found unavailing the argument that acquittal in the 2007 case was enough to show Abu-Shawish's actual innocence. *Id.* Put simply, "the fact that plaintiff was acquitted at his second trial does not establish that he was innocent of the charges made in the first criminal proceeding." *Id.* (citing *Pulungan*, 722 F.3d at 985). Consequently, the Court of Federal Claims found that the record in Abu-Shawish's two cases was insufficient on its own to prove his innocence as required by Section 2513. *Id.*

Page 5 of 9
Case 2:03-cr-00211-JPS   Filed 01/12/17   Page 5 of 9   Document 311

## 3. ANALYSIS

On the present record, the Court is constrained to find that Abu-Shawish has not met his burden to show all the facts required for issuance of a certificate of innocence under Section 2513. In his petition, Abu-Shawish sets forth precisely the same arguments made and rejected before the Court of Federal Claims. This Court finds that analysis persuasive and, after an independent review of the applicable law and the record, the Court reaches the same conclusions.

First, Abu-Shawish notes that his conviction in the present case was reversed by the Court of Appeals in 2007. (Docket #306 at 2). While this is true, the Seventh Circuit's reversal does not suffice to meet the high threshold set for proving actual innocence under Section 2513. The reversal shows merely that the government did not prove the specific elements of the particular crime charged—federal program fraud. It does not show that Abu-Shawish's conduct could not be found to meet the elements of any other federal or state offense. Indeed, the appellate court's opinion forecloses that conclusion, for the Seventh Circuit all but declared that he was guilty of mail or wire fraud. As the court aptly noted, "the evidence was sufficient to show that Abu–Shawish defrauded the City of Milwaukee." *Abu-Shawish*, 507 F.3d at 558. With this unmistakable writing on the wall, it is difficult to conclude that the reversal of the conviction in this case does much to prove Abu-Shawish's innocence.

The same goes for his acquittal in the related prosecution. In that case, Abu-Shawish was charged with offenses more appropriate to his conduct. The jury acquitted him, a finding which shows that the government failed to prove its charges beyond a reasonable doubt. Yet, contrary to Abu-Shawish's belief, the jury's acquittal does not mean that he proved his innocence during

that trial. (Docket #306 at 2). Without a more detailed explanation of the evidence presented in the related prosecution, it is difficult to say with any confidence what was or was not proved, and to what degree, during that case. At minimum, on the state of the record before the Court, it cannot be said that Abu-Shawish's "conduct. . .did not constitute a crime." *Betts*, 10 F.3d at 1284. Instead, the acquittal, considered alongside the evidence presented at trial in this case and the related case, "leaves room for the possibility that [Abu-Shawish] in fact committed the offense with which he was charged." *Id.* Indeed, given the evidence presented in this case, it is quite likely that Abu-Shawish could be found to have committed fraud by the preponderance standard applicable to the instant petition. *See* 18 U.S.C. § 1343; *United States v. Seidling*, 737 F.3d 1155, 1160 (7th Cir. 2013) (holding that mail fraud requires the defendant's use of the mails to further a scheme to defraud and his participation in the scheme with the intent to defraud).[1]

Abu-Shawish bears the burden to bring evidence of his actual innocence before the Court, *Pulungan*, 722 F.3d at 986, and his threadbare references to the reversal in this case and the acquittal in the other

---

[1] The Court also notes that Abu-Shawish makes no more than a conclusory stab at proving that "he did not by misconduct or neglect cause or bring about his own prosecution." 28 U.S.C. § 2513(a). He simply states as much in his unsworn petition. (Docket #306 at 2). Misusing the grant funds of the City of Milwaukee seems to have invited the government's attention, but the Court need not speculate on this point, since Abu-Shawish's petition fails in other respects.

Page 7 of 9

Case 2:03-cr-00211-JPS    Filed 01/12/17    Page 7 of 9    Document 311

prosecution do not suffice to carry that burden.² At bottom, section 2513 was meant to vindicate "only to those who can show that they are innocent of any criminal offense." *Betts*, 10 F.3d at 1283; *See United States v. Mills*, 773 F.3d 563, 566 (4th Cir. 2010) (noting that "the provisions of § 2513 work in tandem to ensure that only a truly innocent petitioner is eligible for a certificate of innocence and subsequent compensation from the Government"). Abu-Shawish's case highlights how difficult it is to make that showing. Despite his ultimate success in two separate prosecutions, he has not proffered evidence that demonstrates by a preponderance that he is actually innocent of any crime based on the conduct at issue in this case. *Grubbs*, 773 F.3d at 734 ("In the final analysis, Defendant fails to prevail on his request for a certificate of innocence not because the government can prove his guilt beyond a reasonable doubt—the burden with respect to a request for a certificate of innocence does not rest with the government—but because Defendant has not satisfied his burden of establishing his innocence by a preponderance of the evidence.").

**4.    CONCLUSION**

For the reasons explained above, the Court must deny Defendant's petition for a certificate of innocence pursuant to 28 U.S.C. § 2513(b).

---

²Abu-Shawish does not request an evidentiary hearing on his petition. *See* (Docket #306). Moreover, because he has presented no evidence, even in the form of his own sworn statements, to bolster his claim of innocence, the Court finds no cause to *sua sponte* grant such a hearing. An evidentiary proceeding can be useful in certain cases, *see Pulungan*, 722 F.3d at 986, but without some preliminary showing as to the need for one, the Court will not undertake the significant time and expense involved. Whatever the standard may be for a district court's review of a petition under Section 2513, *see Grubbs*, 773 F.3d at 732, it cannot be that Abu-Shawish's conclusory allegations, unsupported by citations to the record or independent evidentiary submissions, merit such a hearing. Nor can his gesture toward the records in this and the 2007 case mean that this Court must, on its own initiative, comb through trial records over a decade old.
Page 8 of 9
Case 2:03-cr-00211-JPS    Filed 01/12/17    Page 8 of 9    Document 311

Accordingly,

**IT IS ORDERED** that Defendant Mhammad A. Abu-Shawish's motion for a certificate of innocence (Docket #306) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Defendant's motion to expedite resolution of his motion (Docket #307) be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 12th day of January, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge