# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>v.<br><br>MHAMMAD ABU-SHAWISH,<br><br>          Defendant. | Case No. 03-CR-211-1-JPS<br><br><br>**ORDER** |

  Defendant Mhammad Abu-Shawish ("Abu-Shawish") has filed a petition for a certificate of innocence pursuant to 28 U.S.C. § 2513. (Docket #306). The Court denied the petition on January 12, 2017. *United States v. Abu-Shawish*, 228 F. Supp. 3d 878 (E.D. Wis. 2017). Abu-Shawish appealed, and the Court of Appeals reversed, finding that he is entitled to an answer from the government and an opportunity to present additional evidence and argument before his petition is adjudicated. *Abu-Shawish v. United States*, 898 F.3d 726, 739 (7th Cir. 2018). The Seventh Circuit recommended that, because the petition represents a civil proceeding nested within Abu-Shawish's criminal case, the Court should fashion further proceedings similar to those employed for motions for return of seized property under Federal Rule of Criminal Procedure 41(g). *Id.* at 736–37.

  The Court issues this order toward that end. The schedule below with govern further proceedings on the petition. Summarized, the parties will first submit documentary evidence and legal briefs for the Court to consider. As the party bringing the petition and bearing the burden of

proof, the Court will allow Abu-Shawish to file an opening brief as well as a reply.

Second, if upon completion of this briefing the record is sufficiently complete so as to support a decision on all pertinent factual and legal issues, the Court will make its findings of fact and conclusions of law in a written decision. If the record is not sufficiently developed, the Court will issue a decision outlining the relevant facts and legal principles, identify additional facts that must be explored through an evidentiary hearing, and schedule an evidentiary hearing during which it shall render a final decision.

Accordingly,

**IT IS ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Abu-Shawish shall file, no later than **ninety (90) days** from the date of this Order, a memorandum of law arguing why his petition for a certificate of innocence should be granted, along with any documentary evidence supporting his petition. The memorandum of law shall not exceed thirty (30) pages in length.

2. The government shall file, no later than **sixty (60) days** from the filing of Abu-Shawish's opening brief, a memorandum of law arguing why his petition for a certificate of innocence should not be granted, along with any documentary evidence supporting its opposition. The memorandum of law shall not exceed thirty (30) pages in length.

3. Abu-Shawish may file, no later than **thirty (30) days** from the filing of the government's response, a reply memorandum in support of his petition, along with any additional documentary evidence he wishes to submit. The reply shall not exceed fifteen (15) pages in length.

The parties are advised that to the extent they rely upon documents available on the Court's docket in either of Abu-Shawish's criminal proceedings, they may cite to such documents using the case number and docket number for the document in question (*e.g.*, (07-CR-289, Docket #1)). To the extent either party relies upon materials not previously filed with the Court, copies of those materials must be filed as attachments to the brief and served on the opposing party along with the brief. The parties are advised that the exhibits admitted at each of Defendant's trials are no longer in the Court's custody. If either party wishes to rely upon trial exhibits, they must provide new copies and serve them on the opposing party.[1]

If, upon completion of the briefing outlined above, the Court finds that an evidentiary hearing is warranted, it will issue further instructions as to the date and time of such a hearing and the parties' obligations with respect to preparing for and presenting evidence at the hearing.

Dated at Milwaukee, Wisconsin, this 24th day of September, 2018.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

---

[1] In Case No. 03-CR-211, the government's exhibits were returned to it at its request for use in Defendant's trial in Case No. 07-CR-289. (03-CR-211, Docket #303). Defendant's exhibits in Case No. 03-CR-211 were returned to his counsel upon request. (*Id.*, Docket #305). Defendant was acquitted at trial in Case. No. 07-CR-289, so the Clerk of the Court did not take custody of any of the trial exhibits. Thus, the Court no longer has custody of any trial exhibits from either case.